## 60589. JONES v. THE STATE.

Carley, Judge.

Appellant was indicted, tried, and convicted for the offense of burglary. On appeal, he contends that the trial court erred in denying his motion for directed verdict of acquittal and in denying his motion for new trial. In particular, appellant contends that the evidence was insufficient to support the verdict of guilty because it was entirely circumstantial and did not exclude every hypothesis save that of his guilt.

The testimony and documentary evidence introduced at trial on behalf of the state showed the following: The burglary occurred at a

warehouse and the point of entry and exit was an "awning type window." This window was located on the side of the warehouse and faced a narrow alley—3 to 4 feet wide—not ordinarily used by the public. Prior to the alleged burglary, this window had been locked with a chain and latch. A witness in charge of the warehouse testified that this particular window was rarely ever opened. A qualified expert testified that the four latent fingerprints lifted from the interior portion of the window were those of appellant. The police officer who actually lifted the fingerprints from the window could not be certain as to the position of the hand of the person who made the prints or as to the length of time the prints had been on the window. While denying that the fingerprints were his, appellant testified that on past occasions he had been in the vicinity of the burglarized warehouse and that, although possible, he did not recall walking through the alley upon which the warehouse window faced.

"To warrant a conviction based solely on fingerprint evidence, the fingerprints corresponding to those of the defendant must have been found in the place where the crime was committed, and under such circumstances that they could only have been impressed at the time when the crime was committed. [Cits.] These cases require the state to prove to the exclusion of every reasonable hypothesis that the fingerprints could only have been impressed at the time the crime was committed. [Cits.]" *Barnett v. State,* 153 Ga. App. 430 (1) (265 SE2d 348) (1980).

"However, in order to justify the inference of guilt beyond a reasonable doubt, circumstantial evidence must exclude only reasonable inferences and hypotheses and it is not necessary that such evidence be devoid of *every* inference or hypothesis except that of the defendant's guilt. [Cit.] When a jury hears the evidence, it decides questions as to reasonableness. If a jury is authorized to find that the evidence, circumstantial though it may be, is sufficient to exclude every reasonable hypothesis save that of guilt, the verdict of the jury will not be disturbed by the appellate court unless the verdict is insupportable as a matter of law. [Cits.]" *Dowdy v. State,* 150 Ga. App. 137, 139 (257 SE2d 41) (1979).

Under the facts of this case, we find appellant's argument that the state failed to prove that the fingerprints found at the scene of the burglary were impressed at the time of the commission of the crime to be without merit. Four fingerprints corresponding to those of appellant were found on the *inside* of the window through which entry and exit to the warehouse was effectuated. This window faced a narrow alley which was not ordinarily traversed by the public and the interior of the window where the prints were found was not accessible to the general public. Compare *Anthony v. State,* 85 Ga. App. 119 (68

SE2d 150) (1951). There was no evidence presenting any other reasonable explanation as to how appellant's fingerprints came to be on the window. Compare *Barnett v. State,* supra; *Vaughn v. State,* 136 Ga. App. 54 (220 SE2d 66) (1975). Therefore, the jury was authorized to conclude that the fingerprints in question were those of appellant and that they were impressed on the inside of the window at the time of the burglary. We find the evidence sufficient as a matter of law to support the verdict.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

Argued September 16, 1980 — Decided December 1, 1980 — Rehearing denied December 16, 1980.

*Owen J. Mullininx,* for appellant.
*Andrew J. Ryan, III, District Attorney,* for appellee.