## 61150. WOODLIFF v. THE STATE.

QUILLIAN, Chief Judge.

Defendant was charged with and convicted of three burglaries. He appeals his conviction of two of the burglaries — contending the circumstantial evidence was insufficient to establish his guilt. *Held:*

1. A burglary occurred on March 5, 1979, at 1203 Swift Street, Apartment D, Albany, Georgia. The burglar took a television set, some jewelry, and some meat from a refrigerator. The point of entry was a bedroom window from which the screen had been removed. The

investigator arrived within 5 minutes after receiving notification. Shoe impressions led from the kitchen door of the burglarized apartment to an aluminum window screen of the same type taken from the window — approximately 60 feet away. This screen fit the window with a missing screen. A "tire iron" was found beside the screen. Entry to the apartment had been gained by "prying or forcing open the window, breaking the lock mechanism . . ." The investigator obtained four latent fingerprints from *inside* the window screen. These fingerprints were "identifiable" as being those of the defendant. The evidence detailed above, although circumstantial, was sufficient to authorize a rational trier of fact to find the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. On March 8, 1980, a mobile home used as an office by Manufacturers Housing, at 2525 Sylvester Road, Albany, Georgia, was burglarized. The burglary was discovered at approximately 7:30 to 7:45 a.m. when the manager opened up for business. The rear door of the mobile home "had been pried away . . ." a clock, stereo tape deck, and approximately $25.00 kept in a metal cash box, had been taken. The cash box was kept inside a locked desk drawer. A police officer arrived within ten minutes after being notified. Footprints led from the rear door of the mobile home into a wooded area where the metal cash box was found with some checks made out to Manufacturers Housing. The petty cash box was found approximately 60 to 70 yards from the burglarized mobile home. Two fingerprints lifted from the metal cash box were identified as belonging to the defendant.

In both instances, here as well as the other burglary, fingerprints of the defendant were found on things taken from the burglarized premises from an area not generally accessible to the public — the inside of the window screen, and the cash box from the locked desk drawer, shortly after the burglary had been committed. We find the evidence presented was sufficient to convince a rational trier of fact of the guilt of the defendant beyond a reasonable doubt. *Barnes v. State,* 245 Ga. 609 (1) (266 SE2d 212); *Boozer v. State,* 155 Ga. App. 525 (271 SE2d 675).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

Decided February 20, 1981 — Rehearing denied March 24, 1981 —

*James Finkelstein,* for appellant.

*William S. Lee, District Attorney, J. Brown Moseley, Assistant*

*District Attorney,* for appellee.