## 62487. GARLAND v. THE STATE.

BIRDSONG, Judge.

Richard Lavon Garland appeals his conviction of burglary and sentence of 20 years in the penitentiary. We affirm.

1. Appellant enumerates as error the admission in evidence of fingerprints found at the burglarized home, asserting that the proper foundation as to the taking of the prints and chain of custody were not established. It was shown by the state's evidence that the burglar gained entry into the home by forcing open a large transom above a back door. A dirty palm print was found on this door, and other prints were also lifted from "around the door and glass where whoever had gone in had gone over the transom. . . ." Additional prints were lifted from a pair of sunglasses, a jewelry box, and a bedroom dresser.

Grady Thomas testified that he had been employed by the Grady County Sheriff's Department for 22 years; that he took the prints in question from the door and the ransacked bedroom; and that he secured known prints of Garland's from the Indianapolis Police Department in order to make a comparison for identification of the latent prints taken from the burglarized home. These were brought to the Identification and Lab Section in Albany where "two separate latent lifts" were identified as Garland's. In any event, Garland admitted at trial that the fingerprints introduced in evidence were his. Thus, contrary to appellant's contentions, all the tests set forth in *Terry v. State,* 130 Ga. App. 655 (204 SE2d 372) to

authorize admission of alleged evidence linking a defendant to the crime were met. Accord, *Montgomery v. State,* 155 Ga. App. 423 (5) (270 SE2d 825); *Eades v. State,* 232 Ga. 735 (1) (208 SE2d 791).

2. " 'To warrant a conviction based solely on fingerprint evidence, the fingerprints corresponding to those of the defendant must have been found in the place where the crime was committed, and under such circumstances that they could only have been impressed at the time when the crime was committed. [Cits.] These cases require the state to prove to the exclusion of every reasonable hypothesis that the fingerprints could only have been impressed at the time the crime was committed. [Cits.]' *Barnett v. State,* 153 Ga. App. 430 (1) (265 SE2d 348) (1980)." *Jones v. State,* 156 Ga. App. 823, 824 (275 SE2d 712).

Garland's fingerprints were found on a door on an enclosed back porch, high up around the transom which had been forced open, and on articles in a bedroom; these were areas "not generally accessible to the general public." *Woodliff v. State,* 158 Ga. App. 113, 114 (2) (279 SE2d 231). Garland, however, denied ever having gone to the house for any reason. "Under the facts of this case, we find appellant's argument that the state failed to prove that the fingerprints found at the scene of the burglary were impressed at the time of the commission of the crime to be without merit. . . . There was no evidence presenting any other reasonable explanation as to how appellant's fingerprints came to be on the [door and in the bedroom]. [Cits.] Therefore, the jury was authorized to conclude that the fingerprints in question were those of appellant and that they were impressed . . . at the time of the burglary. We find the evidence sufficient as a matter of law to support the verdict." *Jones v. State,* supra, at pp. 824-825.

3. The district attorney attempted to bring out in his cross examination of Garland that Garland kept his fingernails about an inch long to help "at hussling [sic] cards" or dice. When Garland was evasive about the length of his nails and failed to answer the district attorney's inquiries, the trial judge also questioned Garland and, upon failing to elicit a responsive answer, mildly admonished him to "[p]ay some attention now to what length they are." Appellant contends that the judge "did not maintain the required atmosphere of impartiality during the trial. . .," indicating his bias. However, we find no intimation by the court of wrongdoing on the part of the appellant so as to warrant a finding of bias. Moreover, no objection was made at trial to these comments and appellant has not shown how they may have harmed him. Compare *Bryant v. State,* 157 Ga. App. 62 (1) (276 SE2d 115); *Sanders v. State,* 156 Ga. App. 44 (3) (274 SE2d 88).

4. Appellant complains that sentence was improperly imposed by the court. The transcript reveals that a sentence of 20 years, the last 10 to be probated, was initially set. The court then recited the conditions to be imposed upon probation, as directed by Code Ann. § 27-2711, including banishment from the judicial circuit. Garland objected that his mother was there and he was "coming back. That's if she is sick and she needs me." The judge accordingly responded, "All right. If that's unacceptable to you, then I will just change that sentence and give you 20 years. . . . You have the right to have that sentence reviewed by the *Three-Judge Sentence Review Panel* if you think it's too harsh or too severe. If you desire to have it reviewed, you must file an application with the clerk of this court within 30 days of today, and that is the sentence of the court."

Appellant's argument that imposition of the harsher sentence was a revocation of probation without a hearing as required by Code Ann. § 27-2713 is without merit. That section by its own terms is applicable only "within the period of probation," which in the instant case would not have started until some ten years in the future.

Nor do we agree that sentence was set in violation of Code Ann. § 27-2503, which requires that determination of punishment be based upon a hearing of evidence relating to extenuation, mitigation and aggravation of punishment. Such a hearing was held, transcribed and appears in the record before this court. The transcript discloses that the pre-sentence report prepared by the Probation Department was properly reviewed by the trial judge with the appellant; the report annotates a long list of criminal acts and numerous escapes.

The trial court is granted the power and authority under Code Ann. § 27-2502 to probate a sentence under such rules and regulations as it deems proper, and to revoke that probation during the term of court at which the sentence is imposed. See *Green v. State,* 149 Ga. App. 87 (253 SE2d 449). The trial court here modified the sentence only when the appellant refused to abide by the conditions of his probation. The 20-year sentence was within the statutory limits and lawfully imposed. Code Ann. § 26-1601. "Since [appellant] has urged no legal basis for a reversal of the judgment of sentence, this court will not disturb the trial judge's discretion in this matter. [As noted by the trial court]. . . the procedures established by Ga. L. 1974, pp. 352, 358, codified as § 27-2511.1 regarding the review of sentences offer an available remedy to [appellant's] claim of excessive harshness." *Thomas v. State,* 139 Ga. App. 364, 365 (228 SE2d 386).

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 20, 1981.

*Thomas L. Lehman,* for appellant.
*Gilbert J. Murrah, District Attorney,* for appellee.