163 Ga. App. 471 (1982)
294 S.E.2d 705
W. B. S.
v.
THE STATE.
64151.
Court of Appeals of Georgia.
Decided September 13, 1982.
Robert M. Boulineau, for appellant.
Joseph H. Briley, District Attorney, A. C. Martinez, Jr., Assistant District Attorney, for appellee.
CARLEY, Judge.
A petition was filed in juvenile court alleging that appellant had committed the offenses of burglary, aggravated assault and motor vehicle theft. After a hearing, appellant was found to be in a state of delinquency and was committed to restrictive custody pursuant to Code Ann. § 24A-2302a. He appeals the juvenile court's adjudication of delinquency.
1. A witness for the state, stipulated by appellant to be an expert in the field of fingerprint identification, testified that two latent fingerprints discovered at the crime scene matched with inked prints of appellant's right middle and right ring fingers. The expert further testified that utilizing a "hand-held four-power magnifier," he found a total of 17 points of similarity between the two latent prints and those of appellant. During cross-examination, counsel for appellant asked the expert to identify all 17 points of similarity. The witness demonstrated a willingness to identify those points of similarity visible to the naked eye but responded that it was impossible to show counsel all 17 points without sufficient magnification which was not present at trial. Upon appellant's insistence that the expert show all 17 points of similarity, the state interposed on objection on the basis that appellant was requiring the witness to perform an impossibility. The trial court, in effect, sustained the objection and ruled that "I will not require [the witness] to do that which [he] said [he] can't do without magnification." On appeal, appellant asserts that the trial court's ruling and failure to compel the expert "to provide enlarged prints or equipment so that he could be thoroughly examined on the comparison of the prints," had the effect of impressibly restricting his right to a thorough cross-examination.
As perviously noted, appellant stipulated at trial that the witness was qualified as an expert in the field of fingerprint identification. As such, the witness was qualified to state an opinion based on his analysis and comparison that the fingerprints found at *472 the scene of the crime were those of appellant. See Code Ann. § 38-1710; Jones v. State, 243 Ga. 820, 824 (4) (256 SE2d 907) (1979); Colbert v. State, 149 Ga. App. 266, 268 (3) (253 SE2d 882) (1979); Breland v. State, 134 Ga. App. 259 (1) (214 SE2d 186) (1975). In presenting this expert testimony, it was not necessary for the state to introduce magnification of the prints to demonstrate at trial the points of similarity. Turner v. State, 235 Ga. 826, 829 (1) (221 SE2d 590) (1976); McCoy v. State, 237 Ga. 118, 120 (227 SE2d 18) (1976). The trial court, as the finder of fact in the instant case, was authorized to consider the expert's credentials and then give such weight and credence to the expert's testimony as it deemed appropriate. Body v. State, 207 Ga. 567 (1) (63 SE2d 394) (1951); Roland v. State, 137 Ga. App. 796, 798 (4) (224 SE2d 846) (1976); Jenkins v. State, 156 Ga. App. 387, 388 (2) (4) (274 SE2d 618) (1980).
Code Ann. § 38-1705 provides that "[t]he right of cross-examination, thorough and sifting, shall belong to every party as to the witnesses called against him. . ." However, "[t]he scope of cross examination lies largely within the discretion of the trial court and will not be disturbed absent a showing that this discretion has been abused. [Cit]" Hodge. v. State, 239 Ga. 612, 614 (238 SE2d 404) (1977). Our review of the record does not reveal any undue abridgment of appellant's right to cross examination. To the contrary, it appears that appellant was afforded complete freedom in questioning this witness as to the tests and procedures utilized in his comparison of the latent prints with those of appellant and as to the facts upon which his opinion was based. For the foregoing reasons, we find no error for any reasons urged on appeal.
2. The general grounds are enumerated as error. The state's evidence showed that prior to the actual commission of the crimes in question, the perpetrator disconnection the electrical power and telephone at the victim's home. The disconnection of the telephone was accomplished by removing the "phone box cover" which was located on the outside of the house and severing the wires from their connections. As discussed in Division 1 of this opinion, an expert witness identified two latent fingerprints lifted from the "phone box cover" as those of appellant. Appellant denied that the prints were his and testified that he had never been in the victim's yard. The victim testified that, only minutes before the attack, the telephone was operating properly. While the victim did not have the opportunity to observe the face of her assailant because the attack took place in the dark, she was able to testify that appellant was "about the same size and color" as the perpetrator.
Under the circumstances of the instant case, we find that the trior of fact was authorized to conclude that the fingerprints found on *473 the "phone box cover" were those of appellant and that, to the exclusion of every other reasonable hypothesis, they could have been impressed only at the time of the commission of the crimes in question. See Jones v. State, 156 Ga. App. 9823, 824 (275 SE2d 712) (1980); Garland v. State, 160 Ga. App. 97 (2) (286 SE2d 330) (1981). Compare Barnett v. State, 153 Ga. App. 430 (265 SE2d 348) (1980). "Having reviewed the evidence in the light most favorable to the court's determination, we conclude that a rational trior of fact could have found the appellant delinquent beyond a reasonable doubt. [Cit.]" C. L. T. v. State, 157 Ga. App. 180, 181 (276 SE2d 862) (1981); Jones v. State, 156 Ga. App. 823, supra; Garland v. State, 160 Ga. App. 97, supra; Miller v. State, 122 Ga. App. 553 (1) (177 SE2d 838) (1970).
Judgment affirmed. Quillian, C.J., and Shulman, P.J., concur.