## 64197. BROWN v. THE STATE.

CARLEY, Judge.

Appellant was indicted, tried and convicted of two counts of burglary and one count of murder. Appellant appeals, challenging only his conviction on one of the burglary counts.

1. The general grounds are enumerated as error. The evidence adduced at trial would authorize the following findings: On the night

in question, Mr. Griffin, the victim of the burglary which is the subject of this appeal, left home at approximately 6:30 p.m. Shortly before 7:00 p.m., a resident of the neighborhood who was out on an errand noticed an unfamiliar truck parked on the street in front of an unlit house. The lights of the truck were off and it was occupied by two black males. Apparently realizing that they had been observed, the occupants of the truck made a pretense of leaving the area. That the occupants of the truck had only feigned leaving was demonstrated when, returning from her errand a short time later, the neighbor discovered that the truck had returned to its original location in front of the unlit house. Becoming suspicious, the neighbor noted the tag number of the truck and eventually reported the incident to the police. Mr. Griffin returned home at approximately 8:00 p.m. and discovered that his house had been burglarized during the hour-and-a-half he had been out. Among the items taken was a console television set which, because of its bulk and weight, would require two men to move.

The evidence shows that, at about the same time that Mr. Griffin discovered that the burglary had occurred, appellant and a companion were occupying the truck which then contained Griffin's television. Appellant's companion had borrowed the truck earlier in the day and when he returned that evening to the owner's house, appellant was his passenger and the stolen television was loaded in the rear of the truck. Appellant's companion asked the wife of the owner of the truck if she knew anyone who would buy the television. The name of a potential purchaser was supplied and he was then contacted by phone. The prospective buyer arrived at approximately 8:00 p.m., and testified at trial that appellant and his companion were the "two men" that he "got [the television] from" after doing "most of the talking with [appellant's companion]." Appellant and his companion transferred the television from the truck to the purchaser's vehicle. Appellant's companion was subsequently paid the agreed-upon price of $170 for the stolen television.

Later the same evening, the burglary of yet another residence occurred. Appellant and his companion were surprised during the commission of this burglary when the resident and a guest returned unexpectedly. While fleeing from the burglary scene, appellant's companion shot and killed the guest of the resident. Appellant and his companion escaped in the truck. Appellant's companion was also tried and convicted for the two burglaries and for the murder.

Appellant asserts that the evidence shows no connection between himself and the commission of the original Griffin burglary and that, at most, the state could rely only upon an inference of guilt by appellant's subsequent association with his companion. See

*Mealor v. State,* 134 Ga. App. 564 (1) (215 SE2d 272) (1975); *Curtis v. State,* 150 Ga. App. 507 (258 SE2d 247) (1979). The evidence as to the Griffin burglary shows more than guilt by association and was sufficient to support appellant's conviction. "The verdict and judgment were authorized by the circumstantial evidence that, a short time after the burglary, a witness ['got' the stolen television set from the 'two men there'] (referring to the defendant and a co-defendant), and that the defendant was present with the co-defendant both when the [television] was first discussed and shown to the witness and when it was sold to him . . . [T]he jury was authorized to find from the evidence such recent possession of the [television] as would support the guilty verdict." *Workman v. State,* 137 Ga. App. 746-747 (224 SE2d 757) (1976); *Rakestraw v. State,* 155 Ga. App. 563, 564 (2) (271 SE2d 696) (1980). Moreover, there was sufficient similarity between the subsequent burglary and the Griffin burglary earlier in the evening so that proof of the former tends to prove the latter. See generally *Rakestraw,* 155 Ga. App. at 563 (1), supra. Therefore, proof that appellant was a party to the subsequent burglary was admissible and probative evidence that appellant was likewise a party to the earlier Griffin burglary. "If the defendant is proven to be the perpetrator of another . . . crime and the facts of that crime are sufficiently similar or connected to the facts of the crime charged, the separate crime will be admissible to prove identity, motive, plan, scheme, bent of mind, or course of conduct . . . [W]e find that the evidence of other crimes was probative as to identity, the main issue in the case." *State v. Johnson,* 246 Ga. 654, 655 (272 SE2d 321) (1980).

We find no merit in the general grounds.

2. As discussed above, evidence of the subsequent burglary was probative of appellant's identity as one of the two perpetrators of the Griffin burglary. *State v. Johnson,* 246 Ga. 654, supra; *Booker v. State,* 242 Ga. 773, 776 (1) (251 SE2d 518) (1979). Accordingly, it was not error to refuse to charge the jury that certain evidence, relevant to the subsequent burglary, "shall be *totally excluded* from your deliberations as to Count III, [the Griffin burglary], as charged in the indictment." (Emphasis supplied.) Appellant, had he requested it, would have been entitled to a charge instructing the jury on the limited purpose for which the evidence of the subsequent burglary might be considered as relevant and probative as to the issues in the Griffin burglary. See generally *Suits v. State,* 150 Ga. App. 285, 288 (3) (257 SE2d 306) (1979). Appellant was not, however, entitled to a charge which would "totally exclude" the jury from consideration of evidence otherwise potentially probative of an issue relevant in their deliberations on the Griffin burglary.

3. The remaining enumeration of error also concerns the trial court's charge to the jury. A review of the transcript demonstrates a waiver of the right to enumerate error with regard to that portion of the charge asserted on appeal to be erroneous. "Immediately following [the charge], the court inquired whether there was any objection, and defendant's counsel raised none applicable to the [issue raised on appeal.] . . . [A]ppellant has waived his right to enumerate error by failing to respond to the court's inquiry on any objections to the charge." *White v. State,* 243 Ga. 250, 251 (253 SE2d 694) (1979).

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED SEPTEMBER 30, 1982.

*Arthur L. Phillips,* for appellant.
*Joseph H. Briley, District Attorney, Thomas J. Matthews, Assistant District Attorney,* for appellee.