### 70436. GLOVER v. THE STATE.
(333 SE2d 165)

BIRDSONG, Presiding Judge.

James Glover appeals his conviction for the offense of burglary. *Held*:

The defendant contends his conviction is "illegal" as it was based "*solely* on fingerprint evidence and it was not established that the fingerprints could only have been impressed at the time when the crime was committed, and the remaining circumstantial evidence did not exclude every other reasonable hypothesis save that of guilt of the accused." (Emphasis supplied.) We do not agree that defendant's conviction was based "solely" on fingerprint evidence, and this conclu-

sion is supported by defendant's admission that "the remaining circumstantial evidence" did not exclude every reasonable hypothesis except his innocence. We find that when the evidence of his fingerprints being found on a bottle inside the burglarized pharmacy is taken in conjunction with "the remaining circumstantial evidence" that both are sufficient to convince a rational juror of the guilt of the defendant beyond a reasonable doubt. *Stinson v. State*, 244 Ga. 219 (4) (259 SE2d 471).

The pharmacy of the North Georgia Community Mental Health Center, in Gainesville, Georgia, was burglarized on the night of June 19-20, 1984. Almost all of the controlled substances was taken. An open bottle of dexedrine was found on the storeroom floor with a syringe beside it. Latent fingerprints were taken from that bottle which matched the fingerprints of the defendant.

The defendant worked at a gasoline service station in Gainesville. Glover asked the owner if he could borrow the service station truck to move his personal belongings on a Sunday. On the following Monday, the defendant's mother called from her home in Marietta to inform the owner that her son would bring the truck back on Tuesday. The owner had previously reported the missing truck to the police and one of his employees had found a box containing drugs in the storage shed behind the service station. Those drugs were subsequently returned to the mental health center, and the pharmacist identified them as part of those taken in the burglary. Glover returned the truck on Tuesday to the service station and as he approached the policeman at the station, he identified himself and said: "he was ready to go to jail."

The seminal case in Georgia on sufficiency of fingerprint evidence to support a finding of guilty is *Anthony v. State*, 85 Ga. App. 119 (68 SE2d 150). There we held: " 'It seems well settled both in England and in this country that evidence of correspondence of fingerprint impressions for the purpose of identification, when introduced by qualified fingerprint experts, is admissible in criminal cases, the weight and value of such testimony being a question for the jury.' " Id. p. 121. "To warrant a conviction on the *sole evidence* that fingerprints corresponding to those of the accused were found at the place where the crime was committed, the evidence must be sufficient to exclude every reasonable hypothesis save that the fingerprints were impressed at the time the crime was committed." (Emphasis supplied.) Id. p. 119. The evidence in the instant case does not consist solely of fingerprints found on a bottle inside the pharmacy — where defendant supposedly had never been, but also upon the location of a portion of the stolen drugs in a storage bin at defendant's place of work which also contained the clothes of the defendant, and his statement to an officer that he was ready to go to jail.

The defendant testified he was attending alcohol lectures at the mental health center because of a D.U.I. charge, and had stopped by the pharmacy several times for some free Tylenol. About a week and a half before the burglary, he went to the pharmacy for some Tylenol and no one was present. He said he saw a bottle, similar to the one in the photographs of the burglarized pharmacy, on a shelf inside the service window of the pharmacy. He was "nosy" and reached in and touched the bottle.

The mental health center pharmacist was asked whether the shelf below the service window was used to place drugs on: "No, sir. The one exception might be if someone came to the window and got a prescription filled, and they said, I'm going around the corner and I'll be right back, we might set the actual *filled prescription* there, but *not a stock bottle*. It's not a drug storage area." (Emphasis supplied.) He was questioned further: "Is it not true that you have filled prescriptions in that area before? A. When you say filled, the typewriter, the labels, the bottles, the medications are all in the other room. . . . Q. Is it not possible you have taken a bottle of this type in that area before? A. That's not possible. Q. Absolutely impossible? A. I would say the chances of that bottle — no, I would not have carried it in there. Q. Can you speak for your technician? A. No, sir."

It is obvious from the photograph that the opened bottle within the pharmacy storage room, with the syringe beside it, is a large "stock bottle" referred to by the pharmacist in response to the questions. This is why the pharmacist was so positive that the large "stock bottle" which is used to fill the much smaller prescription bottles would never be within the reach of anyone at the service window, because prescriptions must be filled from the "stock bottle" in the back storage room where "the typewriter, the labels, the bottles, [and] the medications" are kept.

Where the evidence of guilt is comprised *solely* of the defendant's fingerprints, the state is required to prove, to the exclusion of every reasonable hypothesis, that the defendant's fingerprints could only have been impressed at the time the crime was committed. *Jeffares v. State*, 162 Ga. App. 36 (290 SE2d 123). Here, the evidence shows the fingerprints were found on a bottle in a location not generally accessible to the general public. *Garland v. State*, 160 Ga. App. 97, 98 (286 SE2d 330); *Woodliff v. State*, 158 Ga. App. 113, 114 (279 SE2d 231). Further, the testimony of the pharmacist established that the "stock bottle" containing the defendant's fingerprints was never placed in the front room with the service window where it would be accessible to the reach of a customer. Whether such evidence is sufficient to exclude every reasonable hypothesis save that the fingerprints were impressed at the time the crime was committed is a question for the jury. *Jones v. State*, 156 Ga. App. 823, 824 (275 SE2d

712).

However, in the instant case, we have circumstantial evidence of guilt in addition to the fingerprints of defendant found at the scene of the crime. The evidence shows defendant was planning to move on the Sunday before his arrest and borrowed the truck to make the move. He did not move but placed his clothes in the storage bin behind his employer's service station, where the stolen drugs were found. He testified that he got drunk on that Sunday. At first he said he bought his alcohol at a whiskey store but when reminded that this was a Sunday he said he kept the alcohol where he worked and he had purchased it earlier from that whiskey store.

It was defendant's contention that his statement to the policeman that he was ready to go to jail referred to his taking of the truck. But, when questioned: "Did you suspect that you might be charged with vehicular theft? A. No, sir. I had called Jerry [his employer] Monday. . . . I got drunk Sunday night and I was still drunk on Monday. . . . He told me there was no problem, he said, just go ahead but don't drive drunk." Hence, whether such readiness to go to jail related to the taking of the truck or the drugs made a jury issue. Whether all the circumstantial evidence, in addition to the defendant's fingerprints, was sufficient to prove the guilt of the defendant beyond a reasonable doubt was a jury issue. *Jones v. State,* supra; *Jeffares v. State,* supra; *Anthony v. State,* supra. The jury was correctly charged on this issue and returned a verdict of guilty. On appeal, we find the evidence presented was sufficient to convince a rational jury of the guilt of the defendant beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Mercer v. State,* 169 Ga. App. 723 (1) (314 SE2d 729); *Paxton v. State,* 159 Ga. App. 175, 181 (4) (282 SE2d 912).

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED JULY 1, 1985.

*G. Hammond Law III,* for appellant.
*Bruce L. Udolf, District Attorney, Charles H. Frier, Assistant District Attorney,* for appellee.