## 70574, 70575. BROWN v. THE STATE (two cases).
### (334 SE2d 365)

CARLEY, Judge.

Appellants were jointly indicted and tried before a jury on charges of burglary. Guilty verdicts were returned and judgments of conviction and sentences were entered thereon. Appellants' motions for new trial were denied and they appeal. The sole enumeration of error raised by each appellant is the sufficiency of the evidence. They contend that their convictions are based solely upon insufficient fingerprint evidence. Because the identical issue is presented for review, the two appeals will be resolved in this single opinion.

" 'To warrant a conviction based solely on fingerprint evidence "the fingerprints corresponding to those of the accused must have been found in the place where the crime was committed, under such circumstances that they *could only have been impressed at the time when the crime was committed.*" [Cit.] The cases require the [S]tate to prove to the *exclusion of every reasonable hypothesis*, that the fingerprints could only have been impressed at the time the crime was committed.' [Cits.]" (Emphasis in original.) *Jeffares v. State,* 162 Ga. App. 36 (290 SE2d 123) (1982). " 'However, in order to justify the inference of guilt beyond a reasonable doubt, circumstantial evidence must exclude only reasonable inferences and hypotheses and it is not necessary that such evidence be devoid of *every* inference or hypothesis except that of the defendant's guilt. [Cit.] When a jury hears the evidence, it decides questions as to reasonableness. If a jury is authorized to find that the evidence, circumstantial though it may be, is sufficient to exclude every reasonable hypothesis save that of guilt, the verdict of the jury will not be disturbed by the appellate court unless the verdict is insupportable as a matter of law. [Cits.]' [Cit.]" (Emphasis in original.) *Jones v. State,* 156 Ga. App. 823, 824 (275 SE2d 712) (1980).

Our review of the transcript demonstrates that the State met its burden of proving, to the exclusion of every other *reasonable* hypothesis, that appellants' fingerprints which were on the broken glass of the window through which entry was gained to the burgled residence, could only have been impressed at the time the crime was committed. In the instant case, as in *Jones v. State,* supra at 825, "[t]here was no evidence presenting any other reasonable explanation as to how appellant[s]' fingerprints came to be on the window. [Cits.]" Compare *Anthony v. State,* 85 Ga. App. 119 (68 SE2d 150) (1951); *Vaughn v. State,* 136 Ga. App. 54 (220 SE2d 66) (1975); *Barnett v. State,* 153 Ga. App. 430 (265 SE2d 348) (1980). " 'Having reviewed the evidence in the light most favorable to the [verdict], we conclude that a rational trior of fact could have found the appellant[s] [guilty] beyond a reasonable doubt. [Cit.]' [Cits.]" *W. B. S. v. State,* 163 Ga. App. 471,

473 (294 SE2d 705) (1982).

*Judgments affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 4, 1985.

*Timothy W. Floyd*, for appellants.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney*, for appellee.