## 72368. BROWN v. THE STATE.

(348 SE2d 575)

BEASLEY, Judge.

The defendant was convicted of forgery in the first degree (OCGA § 16-9-1) and burglary (OCGA § 16-7-1). He appeals only his burglary conviction contending the evidence was insufficient to sustain the verdict.

Defendant attempted to cash a forged check on Mary Carriker's account at a local bank. During the investigation that same day, police officers went to the victim's home and discovered it had been ransacked. A window had been removed at one side of the house and an open window with the screen removed was found at another part of the Carriker home. A fingerprint was lifted from the removed screen which the officer testified could not have been imprinted on the screen had it remained in place. That print was identified as the defendant's.

The defendant admitted attempting to cash the forged check. He stated he came in possession of several of the checks when he saw something or someone move near the Carriker place and discovered some checks, cigarettes and a pen beside the sidewalk. He denied going into the yard. A police officer who obtained a statement from defendant testified that defendant related he saw a black man running from the direction of the Carriker house who dropped something; defendant went into the yard and picked up the checks and other items. After his unsuccessful attempt to obtain money with one of the checks, defendant testified he tore up the remainder. None of the other items missing from the Carriker home was found in defendant's possession.

A conviction based solely on fingerprint evidence is authorized where fingerprints corresponding to those of the accused are discovered at the crime scene and under circumstances disclosing they could only have been impressed at the time of the offense. *Anthony v. State*, 85 Ga. App. 119, 121 (68 SE2d 150) (1951); *Jeffares v. State*, 162 Ga. App. 36 (290 SE2d 123) (1982). The state's burden is to prove to the exclusion of every reasonable hypothesis that the fingerprints could only have been impressed when the crime was committed. *Barnett v. State*, 153 Ga. App. 430 (265 SE2d 348) (1980).

In many of the cases where this court found the state failed to meet its burden, defendant offered an explanation regarding the innocent presence of his prints or evidence that the prints could have been impressed at a time other than when the crime occurred. See, e.g., *Mooney v. State*, 122 Ga. App. 650, 653 (178 SE2d 281) (1970); *Barnett*, supra.

Here no explanation was forthcoming. The defendant denied being near enough to the house to have innocently left his prints. Thus,

a trier of fact could reasonably infer that the print was placed at the time of the burglary and there is no evidence to draw a contrary inference that the imprinting occurred on another occasion. Although the defendant denied committing the burglary, he offered no evidence to undermine the state's assertion that he had no opportunity other than at the time of the offense to leave the identified prints. *Jeffares v. State*, supra; *Jones v. State*, 156 Ga. App. 823, 824 (275 SE2d 712) (1980); *Garland v. State*, 160 Ga. App. 97, 98 (286 SE2d 330) (1981); *Glover v. State*, 175 Ga. App. 285, 287 (333 SE2d 165) (1985).

The evidence, though circumstantial, was sufficient to authorize a rational trier of fact to find the defendant guilty beyond a reasonable doubt. *Woodliff v. State*, 158 Ga. App. 113, 114 (279 SE2d 231) (1981).

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 3, 1986.

*Harry Jay Altman II, Edwin A. Carlisle*, for appellant.
*J. Brown Moseley, District Attorney*, for appellee.