## 76250. MOON v. THE STATE.
(370 SE2d 808)

McMurray, Presiding Judge.

Defendant was convicted of the offense of burglary and on appeal raises the sufficiency of the evidence as his sole enumeration of error. *Held*:

The State's evidence shows that the burglary occurred at a residence. Entry was accomplished by breaking a window on the secluded back side of the house. Defendant's fingerprints were found on both sides of a shard of glass remaining in the window frame. Within the knowledge of the sole resident of the house, defendant had never been to the residence for any legitimate reason.

The burglary occurred on December 10 or 11, 1986. Among the items taken in the burglary was $30 in half dollars, mostly Kennedy halves. During December 1986 defendant paid for convenience store purchases with Kennedy half dollars. "The evidence presented by the state was entirely circumstantial, and '(t)o warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused.' OCGA § 24-4-6. Moreover, assuming that the appellant's contention that his fingerprint is the sole evidence linking him to the crime is correct, the state was required 'to prove to the exclusion of every reasonable hypothesis that the fingerprints could only have been impressed at the time the crime was committed. *Barnett v. State*, 153 Ga. App. 430 (1) (265 SE2d 348) (1980).' *Jones v. State*, 156 Ga. App. 823, 824 (275 SE2d 712) (1980). ' "However, . . . circumstantial evidence must exclude only reasonable inferences and hypotheses and it is not necessary that such evidence be devoid of *every* inference or hypothesis except that of the defendant's guilt." ' *Jones v. State*, supra, 156 Ga. App. at 824. The question of whether there was a reasonable hypothesis favorable to the accused is a question for the jury. *Murdix v. State*, 250 Ga. 272 (1) (297 SE2d 265) (1982); *Harris v. State*, 236 Ga. 242, 243-244 (223 SE2d 643) (1976). ' "If a jury is authorized to find that the evidence, circumstantial though it may be, is sufficient to exclude every reasonable hypothesis save that of guilt, the verdict of the jury will not be disturbed by the appellate court unless the verdict is insupportable as a matter of law. (Cits.)" '*Jones v. State*, supra, 156 Ga. App. at 824. Accord *Pugh v. State*, 250 Ga. 668 (1) (300 SE2d 504) (1983), *Harris v. State*, supra, 236 Ga. at 245." *White v. State*, 253 Ga. 106, 107 (317 SE2d 196). See also *Glover v. State*, 175 Ga. App. 285, 287 (333 SE2d 165).

"Our review of the transcript demonstrates that the State met its burden of proving, to the exclusion of every other *reasonable* hypothesis, that [defendant's] fingerprints which were on the broken glass of

the window through which entry was gained to the burgled residence, could only have been impressed at the time the crime was committed. In the instant case, as in *Jones v. State*, [156 Ga. App. 823, 825 (275 SE2d 712)], '(t)here was no evidence presenting any other reasonable explanation as to how [defendant's] fingerprints came to be on the window. (Cits.)' Compare *Anthony v. State*, 85 Ga. App. 119 (68 SE2d 150) (1951); *Vaughn v. State*, 136 Ga. App. 54 (220 SE2d 66) (1975); *Barnett v. State*, 153 Ga. App. 430 (265 SE2d 348) (1980)." *Brown v. State*, 175 Ga. App. 778 (334 SE2d 365). When viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found defendant guilty beyond a reasonable doubt of burglary. *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560); *Clark v. State*, 185 Ga. App. 513 (1), 514 (364 SE2d 641).

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED JUNE 15, 1988.

*John J. Martin, Jr.*, for appellant.
*Robert F. Mumford, District Attorney*, for appellee.