## 77120. MOORE v. THE STATE.
### (377 SE2d 897)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of burglary. He appeals from the judgment of conviction and sentence entered on

the jury's verdict.

Appellant enumerates the general grounds, urging that the evidence was entirely circumstantial and did not exclude every hypothesis save that of his guilt. A review of the transcript shows the following: The burglary occurred at an apartment and the burglar's apparent point of entry and exit was a bedroom window. A resident of the apartment testified that the window was normally closed and locked. She also testified that appellant had never been in the apartment prior to the burglary. An expert witness testified that the only three identifiable latent fingerprints lifted from the interior portion of the window matched those of appellant. Appellant's explanation for the presence of his fingerprints inside the window was that, prior to the commission of the burglary for which he was being tried, he had attempted to enter the apartment through the bedroom window. His admitted purpose for attempting to do so was to commit a theft therein. Appellant stated that he had placed his hands on the inside of the window but, when he could not get the window fully open, he had abandoned his plan.

"[T]his court [has] found the [S]tate failed to meet its burden [when] defendant offered an explanation regarding the *innocent* presence of his prints. . . ." (Emphasis supplied.) *Brown v. State*, 180 Ga. App. 188 (348 SE2d 575) (1986). "The mere finding of the defendant's fingerprints on a window which has been broken to gain access to the house . . . where those [fingerprints] could have been *lawfully* made by the defendant . . . is not sufficient to form the basis of a conviction." (Emphasis supplied.) *Anthony v. State*, 85 Ga. App. 119, 121 (68 SE2d 150) (1951). "It is insufficient if the print is found at a time and place where the defendant might *innocently* have left it." (Emphasis supplied.) *Jeffares v. State*, 162 Ga. App. 36 (290 SE2d 123) (1982). Appellant did not offer an innocent or lawful explanation for the presence of his fingerprints on the inside of the window. He testified that he had left his fingerprints inside the window during an earlier attempted burglary. Compare *Brown v. State*, supra at 188; *Vaughn v. State*, 136 Ga. App. 54 (220 SE2d 66) (1975); *Anthony v. State*, supra at 119. The jury was not required to believe that the fingerprints had been left at the earlier time but was authorized to find that appellant's explanation was evidence of his commission of the instant burglary. "[T]here was sufficient similarity between the [previous attempted] burglary and the . . . burglary [here in issue] so that proof of the former tends to prove the latter. [Cit.] Therefore, proof that appellant was a party to the [previous attempted] burglary was admissible and probative evidence that appellant was likewise a party to the [subsequent] burglary." *Brown v. State*, 163 Ga. App. 661, 663 (1) (295 SE2d 581) (1982).

" '[I]n order to justify the inference of guilt beyond a reasonable

doubt, circumstantial evidence must exclude only reasonable inferences and hypotheses and it is not necessary that such evidence be devoid of *every* inference or hypothesis except that of the defendant's guilt. [Cit.] When a jury hears the evidence, it decides the questions as to reasonableness. If a jury is authorized to find that the evidence, circumstantial though it may be, is sufficient to exclude every reasonable hypothesis save that of guilt, the verdict of the jury will not be disturbed by the appellate court unless the verdict is insupportable as a matter of law. [Cits.]' [Cit.]" (Emphasis in original.) *Jones v. State*, 156 Ga. App. 823, 824 (275 SE2d 712) (1980). Accordingly, after a review of the entire record, we find that a rational trior of fact could reasonably have found from the evidence adduced at trial proof of guilt of appellant beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Woodliff v. State*, 158 Ga. App. 113 (279 SE2d 231) (1981).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JANUARY 10, 1989.

*Raymond A. Majors, Jr.*, for appellant.

*Dupont K. Cheney, District Attorney, David C. Walker, J. Thomas Durden, Jr., Assistant District Attorneys*, for appellee.