## 77882. BROWN v. THE STATE.
(379 SE2d 642)

CARLEY, Chief Judge.

Appellant was tried before a jury and convicted of armed robbery, burglary, and impersonating a police officer. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.

1. Appellant enumerates as error the denial of his motion for a directed verdict of acquittal.

The evidence, when construed most strongly in support of the guilty verdicts, shows the following: In December of 1984, someone knocked on the door of the victim's home and identified himself as a policeman. When the victim opened her door, two men rushed in and knocked her glasses off. One of the men held a gun on the victim and went through her wallet. According to the victim, the man removed everything from her wallet, including the check cashing identification card that had been issued to her by her grocery. While the victim was being held at gunpoint and her wallet was being rifled, the other man went through her house removing property. A thumbprint was discovered on the victim's grocery check cashing identification card. This thumbprint led to appellant's arrest. Although the victim was unable to identify appellant, an expert witness for the State testified that the thumbprint was appellant's. Appellant testified that he may have touched the victim's identification card when he worked at the grocery store as a bag boy during the month of November 1984. However, the manager of the grocery store testified that appellant had never worked there, that there were no payroll records for appellant,

and that a bag boy would have no reason to handle a customer's identification card.

On this evidence, appellant urges that the State failed to meet its burden of proving beyond a reasonable doubt that he was one of the two perpetrators. He relies upon the principle that, "[t]o warrant a conviction based solely on fingerprint evidence, the fingerprints corresponding to those of the defendant must have been found in the place where the crime was committed, and under such circumstances that they could only have been impressed at the time when the crime was committed. [Cits.]" *Barnett v. State*, 153 Ga. App. 430, 431 (1) (265 SE2d 348) (1980). Although appellant may have offered an exculpatory explanation as to how his thumbprint came to be on the victim's identification card, the State presented evidence that appellant's explanation was a mere fabrication. Under these circumstances, the determination of whether the evidence was "sufficient to exclude every reasonable hypothesis save that the fingerprints were impressed at the time the crime was committed [was] a question for the jury. [Cit.]" *Glover v. State*, 175 Ga. App. 285, 287 (333 SE2d 165) (1985). It follows that the trial court correctly denied appellant's motion for a directed verdict of acquittal.

2. Appellant enumerates as error the trial court's refusal to provide the defense with funds to hire a fingerprint expert.

Assuming without deciding that fingerprint evidence is "highly unusual in nature" and not mere "routine scientific" evidence (see *Thornton v. State*, 255 Ga. 434, 435 (4) (339 SE2d 240) (1986)), appellant's " 'motion, considered in the light of the record before [the trial court] when [it] made [its] dispositive ruling, failed to create a reasonable probability that expert assistance was necessary to the defense and that without such assistance [appellant's] trial would be rendered unfair. We accordingly hold that the trial court did not err in denying [appellant's] motion.' " *Roseboro v. State*, 258 Ga. 39, 41 (3 e), fn. 3 (365 SE2d 115) (1988).

*Judgments affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MARCH 10, 1989.

*Cail & Cail, Kenneth H. Cail, Jr.*, for appellant.
*Spencer Lawton, Jr., District Attorney, Lars T. Granade, Assistant District Attorney*, for appellee.