A91A0122. TYLER v. THE STATE.
(402 SE2d 780)

ANDREWS, Judge.

Johnny Tyler appeals his conviction of burglary, contending that a mistrial should have been declared or curative instructions given after the State improperly placed his character into issue, and that his motion for a directed verdict made at the conclusion of the State's case should have been granted because the circumstantial evidence failed to exclude every reasonable hypothesis save that of guilt. He was acquitted of theft by taking of a rifle.

Fingerprints were collected from the scene of the burglary and stolen property, including the rifle, was catalogued. The rifle's serial number was entered on the national crime information center computer. About four months after the burglary, the stolen rifle was located at a pawn shop by another police department. It had been sold to the pawn shop by David Garcia, who said he bought the rifle from Tyler about three or four months earlier. Police matched a set of Tyler's known fingerprints with fingerprints taken from the burglarized house. *Held:*

1. In his first enumeration of error, Tyler claims the State improperly placed his character into issue. During its case-in-chief, the State presented testimony from the print examiner at the State crime lab, who testified that he matched Tyler's known fingerprints with fingerprints taken from the burglarized house. The following testimony occurred:

"Prosecutor: Were any other known prints of any other persons submitted to you?

"Print examiner: I received the SID numbers of three other individuals to compare against the latent impressions that I had received.

"Prosecutor: What's a SID number?

"Print examiner: It's a State Identification Number, which indicates that the person has a prior arrest record, and we have a fingerprint card in the file at the Crime Information Center.

"Prosecutor: I'll show you State's exhibit no. 30 and I'll ask you if you can identify that for us please, sir.

"Print examiner: Yes sir, I can. This is a machine copy of the master fingerprint card that we have in file on the subject named and identified as Johnny Earl Tyler."

Defense counsel requested a bench conference, and moved for a mistrial claiming that the State had placed Tyler's character into issue. Defense counsel further stated, "[A]nd I don't think it can be cured by any instruction given by the court. If the court rules against my motion, I would ask that no curative instruction be given because I don't want to draw undue attention to it, but I am making a motion for mistrial." The motion for mistrial was denied and no curative instructions were given. The court directed that the prior arrest information be deleted before State's exhibit 30 was given to the jury.

There is no evidence that Tyler placed his own character into issue, therefore character evidence would have been inadmissible unless it was relevant to a material issue in the case and only incidentally placed Tyler's character into issue. *Lancaster v. State,* 189 Ga. App. 149 (375 SE2d 281) (1988). Though evidence matching Tyler's fingerprints to those found at the burglary was relevant to the material issue of his presence at the crime scene, additional testimony elicited by the prosecutor connecting Tyler's prior arrest record with the

State's fingerprint card on file at the Crime Information Center had no material relevance, and may have directly implied that Tyler had a criminal record. See *Stanley v. State*, 250 Ga. 3, 4 (295 SE2d 315) (1982) (reference to defendant's picture in mug books, plus testimony linking it to individuals with prior cases, identified defendant as having a criminal record and placed character into issue). Compare *McKenzie v. State*, 187 Ga. App. 840, 845-846 (371 SE2d 869) (1988) (mere reference to picture in mug books without additional testimony connecting it with prior criminal record did not place defendant's character in issue), and *Weldon v. State*, 175 Ga. App. 172, 173 (333 SE2d 23) (1985) (reference to fingerprint record, without evidence connecting it to criminal record, does not introduce defendant's character).

We need not decide whether this placed Tyler's character into issue because, even if it did, the trial court properly denied Tyler's motion for a mistrial. "When prejudicial matter is placed before the jury in a criminal case, the trial judge must decide whether a mistrial must be granted as the only corrective measure or whether the prejudicial effect can be corrected by withdrawing the testimony from consideration of the jury under proper instructions." *Stanley*, supra at 4. Whether a mistrial is necessary to preserve the defendant's right to a fair trial is a matter within the discretion of the trial judge. Id. Having specifically requested the court not to give any curative instructions if the motion for mistrial was denied, Tyler cannot now complain that none was given. *Jones v. State*, 250 Ga. 166, 169 (296 SE2d 598) (1982). Under these circumstances the trial court did not abuse its discretion by denying the motion for mistrial. *Zackery v. State*, 194 Ga. App. 434 (391 SE2d 15) (1990).

2. In his second enumeration of error, Tyler contends the trial court should have granted his motion for a directed verdict made at the conclusion of the State's case. The State's burglary case was based entirely on evidence of his fingerprints found at the burglarized house. To sustain a conviction based solely on fingerprint evidence, the State must prove, to the exclusion of every other reasonable hypothesis, that the defendant's fingerprints found at the crime scene could only have been impressed there when the crime was committed. *Barnett v. State*, 153 Ga. App. 430 (265 SE2d 348) (1980); *Brown v. State*, 180 Ga. App. 188 (348 SE2d 575) (1986). The State's circumstantial evidence is not required to exclude every hypothesis save that of guilt, but only reasonable ones. A directed verdict of acquittal should be granted only where "there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal. . . ." OCGA § 17-9-1. In reviewing the denial of a motion for a directed verdict made at the close of the State's case, an appellate court considers not only the

evidence produced in the State's case-in-chief, but also any evidence introduced subsequent to the motion by the defense. *Bethay v. State*, 235 Ga. 371, 374-375 (219 SE2d 743) (1975); *Hawkins v. State*, 195 Ga. App. 739 (395 SE2d 251) (1990). The evidence in the case was sufficient to support the verdict. Though Tyler denied any involvement in the burglary, there was no evidence presented to explain how his fingerprints could have been left at the house at a time other than when the burglary occurred. In fact, Tyler testified he had never been in the house and did not know where it was located. On these facts, the jury could conclude that the only reasonable explanation is that Tyler's fingerprints were impressed when the crime occurred. *Brown*, supra; *Barnett*, supra; *Brown v. State*, 175 Ga. App. 778 (334 SE2d 365) (1985). There was no error in the denial of appellant's motion for a directed verdict.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 22, 1991.

*Neil A. Smith*, for appellant.

*Michael H. Crawford, District Attorney, George N. Guest, Assistant District Attorney*, for appellee.