## A08A1573. REID v. THE STATE.
### (667 SE2d 221)

SMITH, Presiding Judge.

Dominic Reid appeals from his armed robbery conviction. We find no merit in his claim that insufficient evidence supports his conviction and affirm.

On appeal, we must view the evidence "in the light most favorable to the verdict and the appellant no longer enjoys the presumption of innocence; moreover, on appeal this court determines evidence sufficiency and does not weigh the evidence or determine witness credibility." (Citation and punctuation omitted.) *Williams v. State*, 217 Ga. App. 636, 638 (3) (458 SE2d 671) (1995). So viewed, the evidence shows that a masked man robbed a grocery store at closing time. The man, who was not wearing gloves, punched several keys on the cash register until the drawer opened. After taking money from the cash register, the man ran out of the store "toward Second Street."

A witness who lived on Second Street testified that she almost hit a man running behind her car as she was backing out of her driveway around the time of the robbery. Another resident of Second Street testified that he also saw a man running across his yard around the time of the robbery. A few moments later, a small black car with a missing hubcap "turned around in front of the house, stopped in the road, sat there a few seconds and left."

Another witness testified that she lent her black Nissan Altima with a missing hubcap to William Jones and Mario Clayton around the time of the robbery. This witness also testified that Reid went to the store with Jones and Clayton in her car on the day of the robbery.

A fingerprint lifted from the store's cash register after the robbery matched the left index fingerprint of Reid. The store owner testified that Reid had never worked for him. A police investigator testified that when he interviewed Reid after the robbery, Reid admitted "that he had knowledge of a plan to rob the . . . store," but claimed "he was not involved."

None of the eyewitnesses could identify Reid as the man they

454

had seen either during or after the robbery. Reid's race, height, and weight (5'9" tall/130 lbs.), however, matched the general description provided by one of the witnesses (5'10" to 6' tall with a slender build).

Reid argues that the evidence against him was insufficient, because no eyewitness could identify him and there were alleged discrepancies with the fingerprint evidence.[1] We find no merit in this contention. First, the person who lifted the fingerprints testified unequivocally that he lifted them the day of the robbery, and defense counsel did not object to the State's admission of the fingerprint cards into evidence. Second, eyewitness identification testimony is not required to support a conviction; a conviction can be supported solely upon fingerprint evidence. *Brown v. State*, 175 Ga. App. 778 (334 SE2d 365) (1985).

> To warrant a conviction based solely on fingerprint evidence the fingerprints corresponding to those of the accused must have been found in the place where the crime was committed, under such circumstances that they could only have been impressed at the time when the crime was committed. The cases require the State to prove to the exclusion of every reasonable hypothesis, that the fingerprints could only have been impressed at the time the crime was committed. However, in order to justify the inference of guilt beyond a reasonable doubt, circumstantial evidence must exclude only reasonable inferences and hypotheses and it is not necessary that such evidence be devoid of every inference or hypothesis except that of the defendant's guilt. When a jury hears the evidence, it decides questions as to reasonableness. If a jury is authorized to find that the evidence, circumstantial though it may be, is sufficient to exclude every reasonable hypothesis save that of guilt, the verdict of the jury will not be disturbed by the appellate court unless the verdict is insupportable as a matter of law.

(Citations, punctuation and emphasis omitted.) Id.

In this case, the State met any burden of proving that the fingerprints "could only have been impressed at the time the crime was committed." *Brown*, supra. Moreover, Reid's association with the car seen at the time of the robbery, his knowledge of a planned robbery, and the close match between his description and that of the

---

[1] During cross-examination of the investigator who lifted the prints from the cash register, Reid established that there were handwritten dates on the back of the cards that were *not* made by the person who lifted them.

robber all corroborate the fingerprint evidence against him. Based upon all of this evidence, we conclude that sufficient evidence supports Reid's conviction under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED AUGUST 27, 2008.

*Timothy L. Lam*, for appellant.

*Fredric D. Bright, District Attorney, Alison T. Burleson, Assistant District Attorney*, for appellee.