## 66015. THOMAS v. THE STATE.

BIRDSONG, Judge.

Violation of Controlled Substances Act — Sale of Marijuana. Allen Thomas was convicted of selling less than an ounce of marijuana to an undercover agent. He was sentenced to four and one-half years with four years on probation. He brings this appeal enumerating as the sole alleged error the failure of the trial court to charge the jury as requested on the issue of chain of custody. *Held:*

The evidence adduced by the state established that an undercover agent purchased a manilla envelope of marijuana from a

person subsequently identified as Allen Thomas. The agent did not know the full name of the seller at the time of the purchase but, by checking the title of a car parked at the residence, obtained the name George Thomas (actually a son of Allen Thomas). The package of marijuana was labeled with the name Thomas, the Concord Street address of Thomas, the date and time of purchase, and was sealed as evidence. After being locked in the glove compartment of the agent's car for several days, the package was turned over by the purchaser to another officer. The second officer surrendered the envelope, marked as above described and still sealed, to another officer who took it to the state crime lab and secured a receipt therefore. The crime lab returned a test result and identified the material tested as having come from the same envelope as originally receipted by the crime lab. The material tested positive for marijuana. There is no allegation that the material as it progressed through the chain of custody suffered tampering. However, it is argued that because the name on the original envelope, George Thomas, was changed to Allen Thomas, and because the test results were not returned for a number of months, an issue of identity of person and substance was raised sufficiently to require a charge thereon by the trial court.

We reject this argument. The question confronting the trial court was a legal issue involving the admissibility of evidence. The trial judge is charged with the final responsibility of evaluating the links of the chain of custody to ascertain if the evidence of identification of contraband has become so attenuated so as to become irrelevant or incompetent as an aid in determining the issue of guilt or innocence. In a similar vein, it is the law in this state that the credibility, weight and resolution of conflicts or inconsistencies in the evidence are matters for the trial court on a motion to suppress evidence. *Goins v. State,* 139 Ga. App. 6 (228 SE2d 13); *State v. Smith,* 134 Ga. App. 602 (215 SE2d 345). Likewise, the quantum of evidence required sufficiently to identify items of evidence such as photographs as true and accurate representations of what they purport to depict, and thus render them admissible, is a matter left within the discretion of the trial court, *Johnston v. State,* 232 Ga. 268, 270 (206 SE2d 468); *Craft v. State,* 154 Ga. App. 682, 684 (2) (269 SE2d 490); as is fingerprint evidence. *Meadows v. State,* 135 Ga. App. 758, 760 (219 SE2d 174). In Georgia, the rule favors admissibility. If the relevancy of the proffered evidence is in some doubt, it should be admitted and proffered to the jury. *Goodman v. State,* 122 Ga. 111, 118 (2) (49 SE 922); *Patton v. Smith,* 119 Ga. App. 664, 665 (168 SE2d 627). In this case the trial court charged the jury that it must be satisfied beyond reasonable doubt that the substance purchased by the agent was marijuana and that the purchase was made by the agent

from the appellant, Allen Thomas. The ultimate weight and believeability of the evidence to show the true nature of the substance and the identity of its seller was left to the jury, as properly it should have been.

Moreover, appellant's requested instruction on the chain of custody primarily was based upon certain language contained in this court's opinion in *Terry v. State,* 130 Ga. App. 655, 656 (204 SE2d 372). Thomas does not argue that the chain of custody was broken per se, only that a question as to its linkage was raised. Yet in *Terry,* supra, this court was addressing itself to appropriate guidance for the trial judge in determining threshold standards of admissibility. Such standards are not helpful nor even relevant to any determination of weight to be attached to evidence admitted by the trial court under contested conditions of chain of custodial accountability. This is a matter more properly the subject of argument and persuasion. Thus even though the request was a correct statement of law, it reflected a principle to be used by a trial court and was inappropriate as a jury charge. See *Waller v. State,* 213 Ga. 291, 292 (99 SE2d 113); *Mafnas v. State,* 149 Ga. App. 286, 288-289 (3) (254 SE2d 409). We find no error in the charge of the court as given nor in the failure to charge as requested.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED MAY 6, 1983.

*Elizabeth B. Gibbs,* for appellant.
*Willis B. Sparks III, District Attorney, Thomas J. Matthews, Assistant District Attorney,* for appellee.