A93A2174. BAXTER v. THE STATE.
(440 SE2d 72)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and found guilty of burglary. The evidence adduced at trial reveals that the victim left her dwelling house at about 1:00 p.m. on August 8, 1989, returned home at about 3:00 that afternoon and discovered that her house had been burglarized. The evidence also reveals that the burglar gained entry to the premises via shattering a kitchen window; that defendant's fingerprints were found inside and outside the shattered window and that defendant had no authority to be on the victim's premises.

This appeal followed the denial of defendant's motion for new trial. *Held*:

1. In his first enumeration, defendant contends the State's fingerprint evidence is insufficient to support his conviction as there might have been other explanations for the presence of his fingerprints outside the burglarized premises.

" 'To warrant a conviction based solely on fingerprint evidence the fingerprints corresponding to those of the accused must have been found in the place where the crime was committed, under such circumstances that they *could only have been impressed at the time when the crime was committed*. The cases require the State to prove to the *exclusion of every reasonable hypothesis*, that the fingerprints could only have been impressed at the time the crime was committed. (Cit.) . . . (I)t is not necessary that such (circumstantial) evidence be devoid of *every* inference or hypothesis except that of the defendant's guilt. When a jury hears the evidence, it decides questions as to reasonableness. If a jury is authorized to find that the evidence, circumstantial though it may be, is sufficient to exclude every reasonable hypothesis save that of guilt, the verdict of the jury will not be disturbed by the appellate court unless the verdict is insupportable as a matter of law. (Cit.)

" 'Our review of the transcript [in the case sub judice] demonstrates that the State met its burden of proving, to the exclusion of every other *reasonable* hypothesis, that [defendant's fingerprints,] which [were] on the broken glass of the window [and on the window frame] through which entry was gained to the burgled residence, could only have been impressed at the time the crime was committed. . . . (T)here was no evidence presenting any other reasonable explanation as to how [defendant's fingerprints] came to be on the window. (Cits.)' *Brown v. State*, 175 Ga. App. 778 (334 SE2d 365)

(1985)." *Hutchinson v. State*, 179 Ga. App. 485 (1) (347 SE2d 315). Accordingly, we find the evidence sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of burglary. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Knight v. State*, 185 Ga. App. 619, 621 (3) (365 SE2d 484).

2. Defendant contends in his second enumeration that he was denied effective assistance of trial counsel, arguing that he did not testify on his own behalf at trial because his trial attorney inaccurately advised him that he could not be convicted on circumstantial evidence. This contention is without merit as errors in judgment and tactical errors do not constitute denial of effective assistance of counsel. *Concepcion v. State*, 205 Ga. App. 138 (421 SE2d 554).

3. In his third enumeration, defendant contends the trial court erred in denying defendant's motion for new trial for the reasons asserted in his first and second enumerations of error. This contention is without merit for the reasons stated in Divisions 1 and 2 of this opinion.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JANUARY 12, 1994.

*Darrel L. Hopson*, for appellant.
*Robert E. Keller, District Attorney*, for appellee.