## A00A2223. MASSEY v. THE STATE.
(545 SE2d 66)

BLACKBURN, Chief Judge.

In this out-of-time appeal following a trial by jury, Dwight David Massey appeals his conviction for burglary, contending both that the evidence was insufficient to support the verdict and that he received ineffective assistance of counsel. For the reasons set forth below, we affirm.

1. Massey first contends that the evidence was insufficient to support the verdict.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Massey] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The . . . verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Punctuation omitted.) *Kovacs v. State.*[1] See *Jackson v. Virginia.*[2]

Viewed in this light, the record shows that, on August 28, 1997, Jason Wilkie discovered that his apartment had been forcibly entered and burglarized while he was out of town. Wilkie's furniture was destroyed, a number of items were stolen, including a computer, and food and beverages from the kitchen had been consumed. Massey's fingerprints were found on empty soda cans and a bag of cheese which had been partially eaten. Approximately one year later, Massey was caught attempting to enter a locked and uninhabited building.

In this case, the evidence, though largely circumstantial, was sufficient to support a violation of OCGA § 16-7-1 (a), which provides:

---

[1] *Kovacs v. State*, 227 Ga. App. 870 (1) (490 SE2d 539) (1997).
[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

"A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another." Massey argues, nonetheless, that his conviction must be reversed because the items taken from Wilkie's apartment, including the computer, were never found, and, as such, there is no evidence linking him to the theft of such items. This contention, however, has no bearing on Massey's conviction. His fingerprints on containers from consumed foodstuffs in Wilkie's apartment directly placed him at the scene and provided compelling circumstantial evidence that Massey stole these items, even if he did not steal any others. Furthermore, the discovery of Massey's fingerprints provided circumstantial evidence that he was at the scene of the crime during the time that the apartment was vandalized and other items were stolen. From this evidence, the jury could appropriately infer that Massey forced his way into Wilkie's apartment for the purpose of committing the theft of the foodstuffs and/or any of the other items taken. Therefore, the evidence was sufficient to support the verdict. See *Jackson v. Virginia*, supra.

2. Massey also argues, for the first time on appeal, that his trial counsel rendered ineffective assistance in a number of ways. Massey, however, has waived this argument because he did not raise it at the earliest practicable moment.

In *Ponder v. State*,[3] our Supreme Court explained:

[T]he grant of an out-of-time appeal constitutes permission to pursue appropriate post-conviction remedies, including a motion for new trial. It follows from that holding and from the requirement that a claim of ineffective assistance of counsel be determined by means of an evidentiary hearing at the earliest practicable moment, that a claim of ineffective assistance of counsel may not be asserted in an out-of-time appeal unless appellate counsel pursues a motion for new trial, subsequent to the grant of the out-of-time appeal, in which the issue is raised and resolved by means of an evidentiary hearing.

The record shows that Massey's motion for an out-of-time appeal filed by his appellate counsel was granted on April 5, 2000. On April 17, 2000, Massey, acting pro se, filed a motion for new trial; however, in this motion, he neither specifically alleged that his trial counsel rendered ineffective assistance nor requested a hearing on the matter. As such, Massey has waived his right to argue that his trial counsel was ineffective. See *Ponder v. State*, supra.

---

[3] *Ponder v. State*, 260 Ga. 840, 841 (1) (400 SE2d 922) (1991).

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED JANUARY 23, 2001 —
RECONSIDERATION DENIED FEBRUARY 6, 2001 — 

*Thomas J. Gustinella,* for appellant.
*Spencer Lawton, Jr., District Attorney, Ann M. Elmore, Assistant District Attorney,* for appellee.