A07A0849. IN THE INTEREST OF Q. P., a child.

(648 SE2d 731)

JOHNSON, Presiding Judge.

Q. P. was adjudicated delinquent after the juvenile court found he committed an act which, had he been an adult, would have violated the Georgia Controlled Substances Act, OCGA § 16-13-30, by possessing marijuana. He appeals, citing in his sole enumeration of error that the evidence was insufficient to support the finding of delinquency.

When considering a challenge to the sufficiency of the evidence, it is not the job of this Court to weigh the evidence nor to determine the credibility of the witnesses.[1] Rather, when examining the record in the light most favorable to the judgment, we must decide if a rational factfinder could have found, beyond a reasonable doubt, that the juvenile committed the act charged.[2]

Citing OCGA § 24-4-6 as his only authority, Q. P. contends that the state did not meet its burden as it failed to exclude every other reasonable hypothesis save that of his guilt. In order to warrant a conviction on circumstantial evidence, OCGA § 24-4-6 requires that the facts proved must not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused. While this language does require the state to eliminate other reasonable hypotheses, it is not interpreted as

---

[1] *Hopkins v. State*, 167 Ga. App. 811, 815 (307 SE2d 707) (1983).

[2] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *In the Interest of L. D. H.*, 213 Ga. App. 297, 298 (444 SE2d 387) (1994).

requiring the state to meet the exceptionally high burden of eliminating every possible alternative.[3] The determination of whether an alternate theory of innocence constitutes a mere possibility or a reasonable hypothesis is left to the discretion of the factfinder.[4] Only if this discretion is abused, leaving the verdict unsupported as a matter of law, will the findings be disturbed.[5]

The record in this case shows that on May 29, 2006, at about 7:00 p.m., an officer with the Montezuma Police Department was dispatched to investigate a report of gunshots being fired near Lakeview Drive. As the officer arrived in the area of Weathers Drive and Lakeview Drive, he saw a blue car parked sideways in the road with both driver's side doors open. The officer noticed two young men standing outside the car and another young man, later identified as Q. P., kneeling on the ground beside the open back door with his hands inside on the floorboard. After confirming with central control his arrival and requesting backup, the officer approached the young men and noticed that Q. P. appeared to be searching for something with his hands on the floorboard of the car. The officer then proceeded to make contact with the young men and requested that they move to his patrol car and place their hands on its hood. Once they complied with this request, the officer was able to question the young men and determined that the car belonged to the parents of the driver, O. T. The officer then obtained O. T.'s consent to search the vehicle.

During the search the officer found a .25 caliber handgun on the floorboard behind the passenger's seat. He also found a six- to eight-inch kitchen knife and a small plastic bag containing a leafy green substance, later confirmed as marijuana, on the floorboard behind the driver's seat — the same floorboard where the officer had witnessed Q. P. kneeling down and searching with his hands. Upon further questioning one of the young men, R. B., admitted to possession of the handgun, but none of them admitted to possession of the marijuana. All three were charged with possession of marijuana (less than one ounce).

Q. P. contends that the sole reason for his conviction was his physical proximity to the marijuana. In *Whipple v. State*,[6] this Court held that there does indeed need to be something more to demonstrate a connection between the defendant and the contraband other than mere physical presence at the scene. Beyond a defendant's spatial proximity to the drugs, constructive possession may be shown

---

[3] *In the Interest of A. D. C.*, 228 Ga. App. 829, 830 (493 SE2d 38) (1997).

[4] *Jenkins v. State*, 201 Ga. App. 395 (411 SE2d 122) (1991).

[5] *Shockley v. State*, 166 Ga. App. 182 (303 SE2d 519) (1983).

[6] 207 Ga. App. 131 (427 SE2d 101) (1993).

by demonstrating the defendant knowingly had both the power and intention at a given time to exercise control over the substance.[7] Power may be inferred from access to the drugs, while the matter of intent may be derived from the surrounding circumstances.[8] In this case, the officer's description of Q. P.'s behavior provides sufficient evidence of the surrounding circumstances from which a rational trier of fact could conclude, beyond a reasonable doubt, that Q. P. had knowledge of the presence of the drugs, access to them, and the power and intent to exercise control over them. The evidence is sufficient for a rational factfinder to find Q. P. possessed marijuana beyond a reasonable doubt.[9]

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED JUNE 29, 2007.

*Samuel G. Merritt*, for appellant.
*Cecilia M. Cooper, District Attorney, Daniel P. Bibler, Assistant District Attorney*, for appellee.

---

[7] *Allen v. State*, 191 Ga. App. 623 (382 SE2d 690) (1989).
[8] Id. at 625.
[9] *In the Interest of B. J. C.*, 281 Ga. App. 228, 229 (635 SE2d 833) (2006).