668 S.E.2d 323 (2008)
In the Interest of A.A., a child.
No. A08A1514.
Court of Appeals of Georgia.
October 3, 2008.
Jennifer L. Lewis, for Appellant.
W. Kendall Wynne, Jr., Dist. Atty., Kimberly M. Minicozzi, Asst. Dist. Atty., for Appellee.
MILLER, Judge.
Following a bench trial, the juvenile court adjudicated A.A. delinquent on two counts of aggravated assault (OCGA § 16-5-21) and a single count each of criminal damage to property in the second degree (OCGA § 16-7-23), cruelty to children in the third degree (OCGA § 16-5-70), and reckless conduct (OCGA § 16-5-60(b)). A.A. now appeals from the juvenile court's denial of his motion for a new trial, claiming that the evidence was insufficient to support his convictions. We disagree and affirm.
"Under the Juvenile Code, the standard of proof on charges of a criminal nature is the same as that used in criminal proceedings against adults-proof must be beyond a reasonable doubt." (Citation and punctuation omitted.) In the Interest of T.S., 211 Ga.App. 46, 46-47(2), 438 S.E.2d 159 (1993). "On appeal we thus apply the rule of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), which is whether a rational trier of fact could reasonably have found from the evidence presented proof that the juvenile committed the offense beyond a reasonable doubt." (Citations and *324 punctuation omitted.) In the Interest of M.J.F., 191 Ga.App. 792(1), 383 S.E.2d 173 (1989). In applying that rule, we view the record in the light most favorable to the verdict, and without affording the defendant a presumption of innocence, and we neither weigh the evidence nor judge the credibility of the witnesses. Culver v. State, 290 Ga. App. 321, 659 S.E.2d 390 (2008).
So viewed, the record shows that on November 6, 2007, a BB gun was fired at Termerrick Cooper's car as she drove past the Stanley residence on Pine Needle Drive in Newton County. The pellet from the BB gun shattered the car's front passenger window, causing glass to fall on Ms. Cooper's three-year-old daughter. Ms. Cooper saw a group of children running from the scene, only one of whom was Caucasian. She subsequently saw the Caucasian child peering at her from behind a shed or other building located behind the Stanley residence.
Officer Julie English responded to the report of the shooting and, after speaking with Ms. Cooper, proceeded to the Stanley residence. Two children at the home, M.S. and J.S., told Officer English that A.A. had shot the car and explained that A.A. was "the white boy that brought the BB gun." M.S. also told Officer English that A.A. "took off running" after the incident. A.A. then appeared from the back of the house, insisting that he did not shoot the car and threatening the younger children who had accused him of doing so. Officer English took A.A. into custody and, as she led him from the Stanley residence, Ms. Cooper identified him as the Caucasian child she had witnessed running from the scene. At trial, Ms. Cooper confirmed this identification of A.A.
Several hours after the incident, a BB gun was found hidden under a barn behind the Stanley residence. A.A. testified at trial and acknowledged that the BB gun was his and that he had taken it to the Stanley residence the day of the incident. He denied, however, that he shot at Ms. Cooper's car. Instead, A.A. stated that one of the Stanley children, known as "Dee," had fired a shot in the direction of the car. Afterward, A.A. took the gun back from Dee and hid it under the barn. A.A.'s mother also testified that A.A. told her that Dee had fired the BB gun at the car. The mother further stated, however, that A.A. admitted to her that he had told Dee to fire at the car.
After the juvenile court adjudicated him delinquent, A.A. filed a motion for a new trial, which was denied. This appeal followed.
A.A. claims that the evidence was insufficient to support his convictions because it failed to prove that he was the person who fired the BB gun at Ms. Cooper's car. We disagree.
The evidence included the testimony of M.S., who stated that he saw A.A. shoot at Ms. Cooper's car. This testimony, standing alone, was sufficient to establish A.A.'s identity as the shooter. See Range v. State, 289 Ga.App. 727, 729(2), 658 S.E.2d 245 (2008); OCGA § 24-4-8 ("The testimony of a single witness is generally sufficient to establish a fact."). This identification of A.A. was corroborated by Officer English's testimony that, as soon as she arrived at the Stanley house, M.L. and J.L. each told her that A.A. had fired the BB gun at a car.[1]
The only evidence refuting the identification of A.A. as the shooter was the testimony of A.A. and his mother. The trial court, however, was not obligated to credit that testimony over that of the other witnesses. See In the Interest of M.J.F., supra, 191 Ga.App. at 792(1), 383 S.E.2d 173 ("[T]he issues of the credibility of the witnesses and the resolution of conflicts in the evidence fall within the province of the trial court.") (citation omitted). "Where the testimony of the state and that of the defendant [is] in conflict, the fact finder is the final arbiter, and the evidence must be construed so as to uphold the verdict even where there are discrepancies." (Citations and punctuation omitted.) In the Interest of F.T., 165 Ga. App. 4, 299 S.E.2d 112 (1983).
Moreover, the juvenile court judge stated explicitly that he was crediting the testimony of A.A.'s mother, that A.A. told *325 Dee to fire the BB gun at Ms. Cooper's car. Based on that testimony, the juvenile court judge found that A.A. was delinquent "at least as a party to [the] crime." See OCGA § 16-2-20(b)(4) (one who "[i]ntentionally advises, encourages, hires, counsels, or procures another to commit [a] crime" is guilty as a party to that crime). In his brief, A.A. offers no argument or citation of authority to support his assertion that the juvenile court erred in finding that he was a party to the crime. Any claim of error related to the juvenile court's holding on that issue is therefore deemed abandoned. Sapeu v. State, 222 Ga.App. 509, 510(2), 474 S.E.2d 703 (1996).
For the reasons set forth above, we affirm the order of the juvenile court denying A.A.'s motion for a new trial.
Judgment affirmed.
BLACKBURN, P.J., and ELLINGTON, J., concur.
NOTES
[1] A.A. also testified that he heard M.L. and J.L. identifying him to Officer English as the shooter.