A11A0828. IN THE INTEREST OF H. A., a child.
(716 SE2d 768)

BLACKWELL, Judge.

A juvenile court adjudicated H. A. delinquent for committing acts that would, if he were an adult, amount to burglary in violation of OCGA § 16-7-1. The sole evidence that H. A. committed these acts is that his fingerprint was found on a bottle of tonic water that was moved during the burglary, and H. A. contends on appeal that this evidence is insufficient to sustain his adjudication of delinquency.[1] We disagree and affirm the judgment below.

---

[1] H. A. also contends that the juvenile court erred when it admitted a fingerprint card as evidence and when it limited his cross-examination of an expert witness, but neither of these contentions has any merit or warrants much discussion. The fingerprint card was properly authenticated by a police officer who was present when the fingerprint card was made and actually saw H. A.'s fingers pressed upon the card. See *Thomas v. State*, 166 Ga. App. 559, 560 (305 SE2d 151) (1983) ("[T]he quantum of evidence required sufficiently to identify items of evidence . . . as true and accurate representations of what they purport to depict, and thus render them admissible, is a matter left within the discretion of the trial court."). And although the juvenile court did limit H. A. in his efforts to cross-examine the fingerprint expert about the faulty fingerprint analysis in the Madrid bombing case, it permitted H. A. to cross-examine the expert about the possibility of mistakes in fingerprint analysis, and the expert acknowledged her awareness of other cases in which faulty fingerprint analysis led to misidentifications. We do not think the juvenile court was required to permit in-depth cross-examination on the Madrid bombing case. See *Hudson v. State*, 137 Ga. App. 439, 440 (224 SE2d 48) (1976) (trial court has discretion "to keep the questioning within reasonable bounds").

To prove that a juvenile is delinquent for committing acts of a criminal nature, the State must prove the commission of these acts beyond a reasonable doubt, just as it would in a criminal prosecution of an adult for the same acts. See *In the Interest of A. A.*, 293 Ga. App. 827, 828 (668 SE2d 323) (2008). So, when a juvenile challenges the sufficiency of the evidence, we apply the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and we consider whether the evidence adduced at the hearing would permit a rational trier of fact to conclude beyond a reasonable doubt that the juvenile committed the acts with which he is charged. See *A. A.*, 293 Ga. App. at 828; see also *In the Interest of J. C.*, 308 Ga. App. 336, 337 (708 SE2d 1) (2011). In considering the sufficiency of the evidence, we view the evidence in the light most favorable to the adjudication below, keeping in mind that it is for the trier of fact, not this Court, to weigh this evidence, resolve any conflicts in the evidence, and assess the credibility of witnesses. See *A. A.*, 293 Ga. App. at 828; see also *In the Interest of Q. S.*, 310 Ga. App. 70, 72 (1) (712 SE2d 99) (2011).

So viewed, the evidence shows that a DeKalb County resident went out to run errands on the morning of June 1, 2009, and when he returned to his home about 35 minutes later, he observed that the front door had been forcibly opened. Upon entering the home, he discovered that several items of personal property — two televisions, a laptop computer, a flat-screen computer monitor, a camera, and a satellite receiver — were missing. The victim also observed that a bottle of beer and a two-liter bottle of tonic water had been moved from the kitchen to another part of the house. A police officer later lifted a latent fingerprint from the bottle of tonic water, and it matched the fingerprint of 17-year-old H. A., whom the victim never had met.

The juvenile court concluded that H. A. must have participated in the burglary because, the court found, there was no other reasonable explanation for his fingerprint appearing on the bottle of tonic water. But H. A. contends that there is another explanation and that the failure of the evidence to exclude this alternative explanation means that his adjudication cannot be sustained. More specifically, H. A. claims that the evidence is consistent with the possibility that he impressed his fingerprint on the bottle while it was in the stream of commerce and before the resident of the home purchased the bottle. At the hearing below, his lawyer pressed this alternative explanation, arguing that "[a] water bottle stays in a house a remarkably short period of time and [is] in the public for a very long time before [it is] brought into the house. It is just as reasonable that the water bottle was touched while out in public. . . ." But H. A. points to no evidence in the record — and our independent review of

the record reveals none — that supports the theory that H. A. might have left his fingerprint on the bottle prior to the break-in.

When an adjudication of delinquency is based solely on circumstantial evidence, like the adjudication in this case, the circumstantial evidence must "not only be consistent with guilt but [also must] exclude every other reasonable hypothesis save that of guilt of the accused." *Rolling v. State*, 275 Ga. App. 902, 905 (1) (622 SE2d 102) (2005) (citation omitted). But not every hypothesis is a reasonable one, and it is only reasonable hypotheses that must be excluded. See id. A reasonable hypothesis is one raised by the evidence, see *Cornish v. State*, 187 Ga. App. 140, 142 (369 SE2d 515) (1988), and whether an alternative hypothesis is "reasonable" is a question committed largely to the trier of fact. See *Rolling*, 275 Ga. App. at 905 (1).

In prior cases, our Supreme Court has considered and rejected claims that a conviction cannot be based solely on the presence of the defendant's fingerprint on some consumer product in a private place in which a crime is committed. For instance, in *Leonard v. State*, 269 Ga. 867 (506 SE2d 853) (1998), the defendant was convicted of murder based on evidence that his fingerprints were found on a beer bottle and soft-drink bottle that, it appeared, had been moved at the time of the crime. The Supreme Court accepted that this fingerprint evidence was the sole evidence linking the defendant to the crime, id. at 868 (1), but it nevertheless affirmed the conviction. In its decision, the Supreme Court did not discuss the conjectural possibility that some person might have touched and impressed his fingerprints upon the bottles when they were in the stream of commerce, but it instead focused on the absence of any actual evidence that the defendant in that case had an opportunity to leave his fingerprint on the bottles except at the time of the crime: "The evidence suggests no occasion for [the defendant] to have left his fingerprints [on the bottles] except during the crime, and the evidence authorized the jury to conclude that every reasonable hypothesis was excluded except [his] guilt." Id. at 868-869 (1).

Similarly, in *White v. State*, 253 Ga. 106 (317 SE2d 196) (1984), the defendant was convicted of murder based on evidence that his fingerprint was found on a cosmetic case in the bedroom of the victim, which had been ransacked during the crime. Id. at 107 (1). As in *Leonard*, the Supreme Court accepted the claim that this fingerprint evidence was the sole evidence linking the defendant to the crime, see id., and as in *Leonard*, it nevertheless affirmed the conviction. In *White*, the Supreme Court did not discuss the possibility that the cosmetic case — like the bottles in *Leonard* and the bottle of tonic water in this case — might have once been kept on a store shelf accessible to the public, but it concluded that nothing in the evidence supported an alternative hypothesis that explained how

the fingerprint of the defendant was left on the cosmetic case. Id. at 108 (1). Consequently, the Supreme Court concluded, a rational jury could have found that the only reasonable explanation was that the defendant left his fingerprint on the cosmetic case at the time of the murder. Id.

This Court also has considered in several cases whether fingerprint evidence is enough to sustain a conviction, and we have reached the same conclusion as the Supreme Court in *Leonard* and *White*. For instance, in *Massey v. State*, 247 Ga. App. 827, 827 (1) (545 SE2d 66) (2001), we considered evidence of fingerprints found on empty soda cans and a bag of cheese in the apartment of a burglary victim, and we said that the fingerprint evidence directly placed the defendant at the scene of the crime, amounted to "compelling circumstantial evidence" that he stole the items on which his fingerprints were found, and constituted sufficient circumstantial evidence from which a jury could infer that the defendant also took the other items stolen from the apartment. Id. at 828; see also *Lighten v. State*, 259 Ga. App. 280, 282 (1) (576 SE2d 658) (2003) (upholding conviction for burglary where evidence provided no support for defendant's alternative hypothesis about how his fingerprints were left on a drink bottle found at the crime scene); *Brown v. State*, 180 Ga. App. 188, 189 (348 SE2d 575) (1986) ("trier of fact could reasonably infer that the print was placed at the time of the burglary[,] and there is no evidence to draw a contrary inference that the imprinting occurred on another occasion"); *Garland v. State*, 160 Ga. App. 97, 98 (2) (286 SE2d 330) (1981) (upholding conviction based on fingerprint evidence where "[t]here was no evidence presenting any other reasonable explanation" for presence of defendant's prints at scene of crime). As the Supreme Court did in *Leonard* and *White*, we focused in these cases on the extent to which an alternative explanation was raised by the evidence, rather than by mere conjecture.

Here, the alternative hypothesis that H. A. offers — that perhaps he left his fingerprint on the bottle while it was in the stream of commerce — finds no support in the evidence adduced below. To be sure, the idea that the bottle on which H. A.'s fingerprint was found might have come from the shelf of some store, where a shopper might innocently have touched it and left his fingerprint upon it, is not a crazy one. But the bottle did not necessarily come from a store; perhaps the resident bought it online, directly from the manufacturer, or from a wholesaler. And in any event, there is simply no evidence that supports this alternative explanation for the fingerprint.

At trial, H. A. focused his defense not on presenting an alternative explanation for his fingerprint being found in the victim's home,

but rather on challenging the qualifications and methods of the fingerprint expert who testified at the hearing. Even when H. A. advanced his alternative hypothesis in closing argument, he made claims that are not supported by any evidence contained in the record; the record contains no evidence that a bottle of tonic water "stays in a house a remarkably short period" or that it is "in the public for a very long time before [it is] brought into the house." And even if the record showed that the victim purchased the tonic water from a retail store, there is no evidence in the record about when or where the victim made the purchase, evidence that H. A. ever had visited that store, or even evidence that H. A. had ever drank, purchased, or handled a bottle of tonic water. Although a court can use its common sense to determine whether an alternative hypothesis is "reasonable," we do not find that the juvenile court was required as a matter of law to accept the alternative explanation that H. A. offered in the absence of evidence to support it. Indeed, to accept H. A.'s alternative hypothesis on appeal, we would have to speculate about matters that are not part of the record before us, and that is something that this Court ought not do. See *Calhoun v. State*, 71 Ga. App. 623, 626 (31 SE2d 616) (1944); see also *Cornish*, 187 Ga. App. at 142 (alternative hypothesis must be established by the evidence).[2]

The case on which H. A. relies — *Anthony v. State*, 85 Ga. App. 119 (68 SE2d 150) (1951) — is simply not much like this case. In *Anthony*, this Court reversed a burglary conviction based solely on evidence of the fingerprint of the defendant at the crime scene because the fingerprint there was found on a pinball machine used by the public in a public place. Here, H. A.'s fingerprint was discovered inside a private residence and not in a public place, much less on a device that is intended to be regularly used and touched by the public as in *Anthony*. Nor does the evidence here suggest any occasion for H. A. to have lawfully entered the victim's residence or to have handled the bottle of water before it came into the victim's home. See *White*, 253 Ga. at 108 (1); compare *Vaughn v. State*, 136 Ga. App. 54, 54-55 (220 SE2d 66) (1975) (fingerprint evidence

---

[2] Moreover, even if the evidence presented at trial offered some support for H. A.'s alternative hypothesis, whether it is a reasonable hypothesis and not a "mere possibility" is for the factfinder to determine, not this Court. *In the Interest of Q. P.*, 286 Ga. App. 225, 226 (648 SE2d 731) (2007); *Baxter v. State*, 211 Ga. App. 650, 650 (1) (440 SE2d 72) (1994). "This of necessity is so, for we have no legal yardstick by which we can ordinarily determine what in a given case is a reasonable hypothesis, save the opinion of the [finder of fact]." *Harris v. State*, 236 Ga. 242, 244 (1) (223 SE2d 643) (1976). We will only reverse the decision of the finder of fact regarding the reasonableness of an alternative hypothesis if "there appears a hypothesis . . . pointing to the innocence of the accused, and which tested by all human experience is a reasonable one, [so that we] may declare it [reasonable] as a matter of law." Id. at 245 (1).

insufficient to sustain burglary conviction where evidence showed that defendant was taken to the crime scene before fingerprint evidence was collected); *Mooney v. State*, 122 Ga. App. 650 (178 SE2d 281) (1970) (fingerprint evidence insufficient to sustain burglary conviction where evidence showed that defendant recently and lawfully handled the item on which his fingerprint was found).[3]

H. A.'s unsupported alternative hypothesis — that he left his fingerprint on the bottle of tonic water before the bottle was removed from the stream of commerce to the home that was burglarized — is not one that the court below was required as a matter of law to accept as reasonable. Neither the evidence nor the reasonable deductions therefrom provides any support for the alternative hypothesis. And where there is no evidence explaining how a defendant's fingerprint came to be found at the crime scene, especially when it was found on an item that appears to have been moved during the commission of the crime, the finder of fact properly may conclude that the only reasonable explanation for the presence of the fingerprint is that it was impressed when the crime was committed. *Rivers v. State*, 271 Ga. 115, 116 (1) (516 SE2d 525) (1999). While we do not doubt that the evidence in some other case might support a similar alternative hypothesis and require a different outcome, the lack of evidentiary support for the alternative hypothesis in this case leads us to conclude that the alternative explanation raised by H. A. is no more than a "mere possibility" and that its rejection by the trier of fact is not "unsupportable as a matter of law." *Rolling*, 275 Ga. App. at 905; *In the Interest of Q. P.*, 286 Ga. App. 225, 226 (648 SE2d 731) (2007). The evidence adduced below is sufficient to support the adjudication of delinquency.

*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 14, 2011.

*Randee J. Waldman*, for appellant.
*Robert D. James, Jr., District Attorney, Robert H. Wilson, Assistant District Attorney*, for appellee.

---

[3] We are aware that courts in some other jurisdictions require, where a fingerprint is left on a movable object, proof that the object was inaccessible to the defendant during the time it was in the stream of commerce. See *Washington v. Bridge*, 1998 Wash. App. LEXIS 1169 (1998); see also *Mikes v. Borg*, 947 F2d 353, 357-358 (9th Cir. 1991); *United States v. Corso*, 439 F2d 956, 957 (4th Cir. 1971); *United States v. Jones*, 433 F2d 1107, 1109, n. 10 (DC Cir. 1970). H. A. points to no case, and we can find none, in which this standard was applied in Georgia. Whatever the merits of this standard, we think *Leonard* and *White* compel us to affirm the adjudication in this case.